■ NEW EYNON ASSOCIATES, L.P., Appellant, v LEHMAN BROTHERS HOLDINGS INC., Doing Business as LEHMAN CAPITAL, A DIVISION OF LEHMAN BROTHERS HOLDINGS, INC., Respondent. [713 NYS2d 176] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 14, 1999, which granted defendant mortgage company's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendant provided plaintiff with a mortgage loan commitment letter on March 17, 1998 which, by its terms, provided that it would terminate 60 days later, on May 16, 1998. On April 8th, plaintiff purported to accept the commitment but conditioned its acceptance on Lehman's agreement to 19 additional conditions. On May 15th, the day prior to the ostensible termination of the commitment letter, Lehman specifically rejected plaintiff's counteroffer except to the extent set forth in Lehman's modification letter, which included, *inter alia*, an increase in the rate of the loan and a return of the commitment fee if a closing failed to happen for reasons beyond control of plaintiff. On May 27th, plaintiff countersigned the modification letter, thus accepting the commitment letter as changed by the modification letter. Plaintiff paid Lehman $27,500 as an application initiation fee. Between May 28th and September 2nd, Lehman accepted substantial documentation from plaintiff in compliance with the "due diligence investigation" conditions of the commitment letter and at the specific and repeated requests of Lehman. On September 2nd, Lehman unilaterally declared that the commitment had expired by its own terms on May 16th and offered to reinstate that commitment letter and extend its expiration date to September 17th if plaintiff agreed

to increase the rate of the loan by increasing the spread from 165 to 230 basis points. Plaintiff did not countersign this offer but commenced this action alleging that defendant had breached the commitment letter and caused plaintiff increased interest costs of $396,000.

The IAS Court erred in dismissing plaintiff's complaint on the ground that, according to the documentary evidence, the parties failed to enter into an enforceable contract since the commitment letter had expired by its own terms on May 16th. Lehman, after the commitment letter allegedly expired, nonetheless deposited plaintiff's application initiation fee, expended the money in accordance with the terms of the commitment letter, engaged in pre-closing investigation and collection of required documentation and never advised plaintiff, prior to its September 2nd attempt to renegotiate an increased interest rate, that it believed there was no commitment. Lehman's conduct, at a minimum, raises a triable issue of fact as to whether the parties had a commitment agreement for refinancing and whether Lehman waived the May 16th termination date or whether the parties substituted another time frame for termination of the commitment letter. There is sufficient evidence of partial performance by both parties to raise an issue of fact as to whether the requirement in the commitment letter that any modifications be in writing was excused since the conduct of plaintiff and defendant was "unequivocally referable" to defendant's waiver of the stated termination date (*Rose v Spa Realty Assocs.*, 42 NY2d 338, 343). Where, as here, the duration of a contract is ambiguous, courts will imply a "reasonable time" based on the circumstances of the negotiations of the parties to determine their intent (*Haines v City of New York*, 41 NY2d 769, 772). Dismissal of plaintiff's complaint was unwarranted. Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.